UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STRONGBACK, LLC<br>     Plaintiff<br><br>V.<br><br>WESTFIELD OUTDOORS, INC.,<br>WALMART STORES, INC., and CAMPING<br>WORLD, INC.<br>     Defendants | CIVIL ACTION NO. 1:14-CV-40123 |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Introduction

The plaintiff, Strongback, LLC ("Strongback"), files this Complaint for patent infringement against the defendants, Westfield Outdoors, Inc. ("Westfield"), Walmart Stores, Inc. ("Walmart"), and Camping World, Inc. ("CW") (collectively the "Defendants"). By this Complaint, Strongback seeks, *inter alia*, injunctive relief, monetary damages and attorneys' fees and alleges as follows:

### Parties

**1.** The plaintiff, Strongback, is a limited liability company organized under the laws of the State of Delaware. Strongback conducts business in the Commonwealth of Massachusetts and throughout the United States. Among other products, Strongback manufactures and sells collapsible camping chairs with collapsible back support. Strongback is the record owner of U.S. Patent No. 8,511,747.

**2.** The defendant, Westfield, has a principal place of business at 8675 Purdue Road, Indianapolis, Indiana. Westfield manufactures and sells outdoor furniture, including collapsible camping chairs. Westfield conducts business in the Commonwealth of Massachusetts.

**3.** The defendant, Walmart, has a principal place of business at 702 SW 8th Street, Bentonville, Arkansas  72716. Walmart sells outdoor furniture, including collapsible camping chairs. Walmart conducts business in the Commonwealth of Massachusetts.

**4.** The defendant, CW, has a principal place of business at 650 Three Springs Road, Bowling Green, Kentucky 42104. CW sells outdoor furniture, including collapsible camping chairs. CW conducts business in the Commonwealth of Massachusetts.

## Jurisdiction and Venue

**5.** This is a civil action seeking injunctive relief, damages and attorney's fees.

**6.** This action arises under the patent laws of the United States, 35 U.S.C. §§271, 281, 283-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

**7.** Venue is proper in this District under 28 U.S.C. §§1391(b), 1391(c), and/or 1400(b).

**8.** This Court has personal jurisdiction over Defendants pursuant to the Massachusetts Long Arm Statute, Massachusetts General Laws c. 223A § 3, and under federal due process principles.

## Facts

**9.** Strongback manufactures and sells, among other things, collapsible outdoor chairs.

10. On August 20, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,511,747 (the "'747 Patent") for an invention entitled "Collapsible Chair With Collapsible Back Support," listing Laurence Lougee as the inventor. A true and correct copy of the '747 Patent is attached hereto as **Exhibit A**.

11. All right, title and interest in the '747 Patent was assigned by the inventor to Strongback, LLC. Strongback is the current owner of all right, title and interest in the '747 Patent.

12. Independent Claim 1 of the '747 Patent states:

> 1. A collapsible chair comprising:
> (i) a collapsible seat comprising a plurality of spaced seat members and a seat membrane coupled to said seat support members and spanning a distance between said seat support members, a front portion having a center and an opposing rear portion having a center, wherein said seat is angled slightly backward from said center of said front portion to said center of said rear portion;
> (ii) a collapsible back coupled to said seat and comprising: a first back support member and a second back support member, each of said first back support member and said second back support member comprising a generally arcuate portion extending toward said front portion of said collapsible seat; and a back membrane coupled to said back support members and spanning a distance between said back support members; wherein said seat is constructed and arranged such that said seat support members are adapted to be moved together wherein said seat membrane collapses and folds; and wherein said back is constructed and arranged such that said back support members are adapted to be moved together wherein said back membrane collapses and folds; and
> (iii) a first back member and a second back member, each of said first back member and said second back member comprising an upper portion, said first back support member coupled to said upper portion of said first back member and said second back support member coupled to said upper portion of said second back member;
> (iv) a plurality of legs that support said seat; wherein each of said back members is coupled to said leg. (**Exhibit A**, column 15, lines 14-46)

13. Dependent Claim 4 of the '747 Patent states:

> 4. A collapsible chair in accordance with claim **1** wherein each of said first back support member and said second back support member comprises a substantially linear upper portion that transitions into a lower portion forming said generally arcuate portion. (**Exhibit A**, column 15, lines 59-63)

14. Among other advances, the '747 Patent claims a better design in collapsible outdoor chairs that provide sufficient back support to maintain a user's spine in the proper alignment and position when the user sits in the chair for a lengthy period of time.

15. Westfield is in the business of, among other things, manufacturing and selling collapsible outdoor chairs.

16. Strongback and Westfield discussed the possibility of Westfield licensing Strongback's collapsible chair with back support technology. Westfield had seen the prototype of the Strongback chair at an industry convention, and was aware that Strongback had filed for patent protection concerning the subject technology.

17. Strongback and Westfield attempted to negotiate a license for the '747 Patent technology in 2009-10, and again in 2012-13. However, the parties never reached agreement on license terms.

18. In 2014, Westfield began making, using, selling, importing and offering to sell products that infringe the '747 Patent throughout the United States (the "Infringing Chairs").

19. Westfield sold, and continues to sell, the Infringing Chairs to Walmart and CW for resale to the general public.

20. Walmart is selling and offering for sale the Infringing Chairs under the trade name "Ozark Trail Lumbar Frame Folding Quad Camp Chair." A copy of the on-line Walmart advertisement is attached hereto as **Exhibit B**.

21.     CW is selling and offering for sale the Infringing Chairs under the trade name "Full Back Chair."  A copy of the on-line CW advertisement is attached hereto as **Exhibit C**.

### Count I – Patent Infringement by Westfield

22.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

23.     Westfield has infringed, and continues to infringe, one or more of the claims of the '747 Patent without license from Strongback, throughout the United States, in violation of 35 U.S.C. § 271(a).

24.     Westfield has actively induced others to use, sell and/or offer to sell, and will continue to induce others to use, sell and/or offer to sell, products that infringe one or more claims of the '747 Patent without license from Strongback, throughout the United States, in violation of 35 U.S.C. § 271(b).

25.     By making, using, selling, importing and offering to sell, and inducing others to use, sell and/or offer to sell such infringing products, defendant Westfield has infringed, and will continue to infringe the '747 Patent under 35 U.S.C. §271 (a) and (b) literally and/or under the doctrine of equivalence.

26.     Upon information and belief, defendant Westfield's infringement of the '747 Patent has been and continues to be willful and deliberate.

27.     As a consequence of defendant Westfield's infringing acts, Strongback has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §284.

28.     As a consequence of defendant Westfield's infringing acts, defendant Westfield has also caused, and will continue to cause irreparable harm to Strongback to which there is no

adequate remedy at law, and for which Strongback is entitled to injunctive relief pursuant to 35 U.S.C. §283.

## Count II – Patent Infringement by Walmart

29. The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

30. Walmart has infringed, and continues to infringe, one or more of the claims of the '747 Patent without license from Strongback, throughout the United States, in violation of 35 U.S.C. § 271(a).

31. By using, selling, and offering to sell such infringing products, defendant Walmart has infringed, and will continue to infringe, the '747 Patent under 35 U.S.C. §271 (a) literally and/or under the doctrine of equivalence.

32. Upon information and belief, defendant Walmart's infringement of '747 Patent has been and continues to be willful and deliberate.

33. As a consequence of defendant Walmart's infringing acts, Strongback has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §284.

34. As a consequence of defendant Walmart's infringing acts, defendant Walmart has also caused, is causing, and will continue to cause irreparable harm to Strongback to which there is no adequate remedy at law, and for which Strongback is entitled to injunctive relief pursuant to 35 U.S.C. §283.

## Count III – Patent Infringement by CW

35. The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

36.     CW has infringed, and continues to infringe, one or more of the claims of the '747 Patent without license from Strongback, throughout the United States, in violation of 35 U.S.C. § 271(a).

37.     By using, selling, and offering to sell such infringing products, defendant CW has infringed, and will continue to infringe, the '747 Patent under 35 U.S.C. §271 (a) literally and/or under the doctrine of equivalence.

38.     Upon information and belief, defendant CW's infringement of '747 Patent has been and continues to be willful and deliberate.

39.     As a consequence of defendant CW's infringing acts, Strongback has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §284.

40.     As a consequence of defendant CW's infringing acts, defendant CW has also caused, is causing, and will continue to cause irreparable harm to Strongback to which there is no adequate remedy at law, and for which Strongback is entitled to injunctive relief pursuant to 35 U.S.C. §283.

## Prayer for Relief

WHEREFORE, Strongback prays for the entry of a judgment from this Court:

A.      Declaring that United States Patent 8,511,747 was duly and legally issued, is valid and is enforceable;

B.      Declaring that Defendants, and each of them, have infringed the '747 Patent;

C.      Declaring that Defendants, and each of them, have willfully infringed the '747 Patent;

D.  Declaring this to be an "exceptional" case within the meaning of 35 U.S.C. §285, entitling Strongback to an award of its reasonable attorney's fees in this action;

E.  Preliminarily and permanently enjoining Defendants and their respective affiliates, division, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them from further acts of infringing the '747 Patent;

F.  Awarding Strongback damages in accordance with 35 U.S.C. §284;

G.  Awarding Strongback its costs in connection with this action; and

H.  Awarding Strongback such other and further relief as this Court may deem to be just and proper.

**Plaintiff requests a Jury Trial.**

Respectfully Submitted

STRONGBACK, LLC.

By it attorneys,

/s/ John T. McInnes
John T. McInnes, Esq.  BBO # 657488
Brian M. Dingman, Esq.  BBO #548979
Dingman, McInnes & McLane, LLP
114 Turnpike Road, Suite 108
Westborough, MA  01581
Phone: (508) 898-9494 (main)
Phone: (508) 938-1567 (John)
Phone: (508) 898-9495
Fax:    (508) 898-9498

Dated: September 2, 2014